Cherry, J.,
with whom Saitta, J., agrees, concurring in part and dissenting in part:
I concur with the majority that Nika failed to demonstrate that the district court erred by dismissing his claims related to the guilt phase of the trial. I dissent, however, from the majority’s conclusion that the district court did not err by dismissing Nika’s *1302 claim that he received ineffective assistance during the penalty hearing. In my view, trial and appellate counsel were deficient on several grounds, and, considering those deficiencies together, Nika suffered prejudice to a degree warranting a new penalty hearing.
First, trial counsel were deficient for failing to object to the clemency instruction in this case, which this court concluded in Geary v. State was unconstitutional because it may have swayed the jury to speculate that “a sentence of death was the only way to prevent [the defendant’s] eventual release from prison.”[1] I recognize that this court’s holding in Geary was influenced in part by the prosecutor’s argument that “there was always a possibility of executive clemency and parole.”[2] Nonetheless, I believe that the clemency instruction was misleading and prejudicial in this case when considered along with the other counsel deficiencies explained below.
Second, I believe that trial counsel were ineffective for not seeking assistance from the Yugoslavian consulate to unearth mitigation evidence. The record reveals that Nika is from Romania and spoke only limited English. In my view, educating the jury respecting Nika’s cultural background was essential to explaining his character and conduct. The absence of this evidence prejudiced Nika because the jury was left with an incomplete depiction of his character.
Finally, I believe that appellate counsel was ineffective for failing to challenge the district court’s refusal to give a proffered instruction advising the jury that it did not have to agree unanimously on the existence of mitigating circumstances. Without that instruction, the jury was left to presume that it could not consider any mitigating evidence unless it unanimously found the existence of a particular mitigating circumstance. Such a presumption is clearly contrary to law[3] and prejudicial.
Although each of the deficiencies described above considered individually do not warrant a new penalty hearing, their cumulative effect prejudiced Nika and rendered his penalty hearing unfair.[4] *1303 Therefore, I would reverse the district court’s order dismissing the claims of ineffective assistance related to the clemency instruction, consultation with the Yugoslavian consulate, and proffered mitigation instruction and remand for a new penalty hearing.

 112 Nev. 1434, 1440-42, 930 P.2d 719, 724-25 (1996).

 Id. at 1443, 930 P.2d at 725.

 Jimenez v. State, 112 Nev. 610, 624-25, 918 P.2d 687, 695-96 (1996).

 See Harris By and Through Ramseyer v. Wood, 64 F.3d 1432, 1438 (9th Cir. 1995) (concluding that prejudice under Strickland v. Washington, 466 U.S. 668 (1984), may result from cumulative deficiencies in counsel’s perform *1303 anee); State v. Thiel, 665 N.W.2d 305, 322 (Wis. 2003) (concluding that multiple incidents of deficient performance may be aggregated in determining prejudice under Strickland).